Filed 4/15/16  P. v. Veliz CA4/1

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>TOMAS VALLES VELIZ,<br><br>    Defendant and Appellant. | D068526<br><br><br><br>(Super. Ct. No. JCF34597) |

APPEAL from a judgment of the Superior Court of Imperial County, Raymond A. Cota, Judge.  Affirmed in part and reversed in part with directions.

Andrea S. Bitar, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Scott C. Taylor and Junichi P. Semitsu, Deputy Attorneys General, for Plaintiff and Respondent.  Tomas Valles Veliz entered a guilty plea to one count of assault with a deadly weapon (Pen. Code,[1] § 245,

---

1      All statutory references are to the Penal Code unless otherwise specified.

subd. (a)(1)).  The remaining charges and allegations were dismissed and the parties agreed to a two-year term of imprisonment.

Veliz was sentenced in accordance with the plea agreement.  However, at sentencing the prosecution requested a criminal protective order preventing Veliz from contacting the victim or his family upon release from prison.

Veliz appeals challenging only the protective order.  He contends the trial court lacked jurisdiction to impose the order.  The People also agree there is no statutory or inherent authority for the order issued by the court in this case.  We agree with the parties and will reverse that portion of the judgment authorizing the protective order.[2]

## DISCUSSION

Part of the difficulty in analyzing this case is that neither the prosecutor nor the trial judge cited any authority for a criminal protective order extending beyond the duration of the criminal proceedings.  The court may have considered section 136.2, subdivision (a), which authorizes a court to grant a protective order for victims and witnesses prior to the entry of judgment.  (*People v. Ponce* (2009) 173 Cal.App.4th 378, 382-383.)  The court in *Ponce*, however, held that trial courts lack jurisdiction to extend such protective orders beyond the entry of judgment.  (*Ibid.; Babaloa v. Superior Court* (2011) 192 Cal.App.4th 948, 965.)

In *People v. Stone* (2004) 123 Cal.App.4th 153, the court discussed the reasons that section 136.2 does not allow protective orders beyond the date of judgment.  The

---

[2]     The facts of the underlying offense are not relevant to the issue presented in this case.  Thus, we will omit the traditional statement of facts.

court noted no such authority was expressed in the statute, and that an overly broad interpretation of the statute "would usurp the similar restraining orders obtainable under Code of Civil Procedure section 527.6, and undermine the numerous procedural protections for the restrainee afforded by that section." (*Stone, supra*, at pp. 159-160.)

Based upon our review of the record and the relevant case law, we are satisfied the trial court was without jurisdiction to issue the protective order in this case and that the People's concession was appropriate.

## DISPOSITION

The order granting a criminal protective order is reversed. The trial court is directed to enter a different order denying the request. In all other respects the judgment is affirmed.


HUFFMAN, J.

WE CONCUR:


McCONNELL, P. J.


O'ROURKE, J.

3